## IN THE MATTER OF ROBERT MADRAY.
### (SUPREME COURT DISCIPLINARY No. 591)
(369 SE2d 901)

PER CURIAM.

The State Bar of Georgia brought disciplinary proceedings against Robert Madray, charging him with violations of Standard 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation), Standard 45 (knowingly making a false statement of law or fact in representation of a client), Standard 23 (withdrawal from employment without promptly refunding any part of a fee paid in advance that has not been earned), Standard 44 (without just cause to the detriment of his client in effect wilfully abandoning or wilfully disregarding a legal matter entrusted to him), and Standard 68 (during the investigation of a complaint under the rules, failing to respond in accordance with the rules to disciplinary authorities, including members of the State Disciplinary Board and bar counsel). See State Bar Rule 4-102. These violations occurred when the respondent abandoned agreed upon employment in connection with a child-custody matter, misrepresented that he had taken the legal steps for which he had been employed, and failed to return the unearned prepaid fee.

The Review Panel of the State Disciplinary Board adopted the special master's finding that the respondent had admitted the charges by having failed to file a timely answer, as provided in Rules 4-212(a) and 4-221(f). The Review Panel, finding that the respondent had shown complete disregard for his client and this disciplinary proceeding, recommended that the respondent be suspended from the practice of law for a period of two years, that he be required to fulfill all requirements for reinstatement including taking and passing the Georgia Bar Examination prior to his readmission to the Bar, and that he be instructed to notify his clients of his suspension and to take all actions necessary to protect their interests as required by Bar Rule 4-219.

The recommendation of the board is approved and adopted. It is ordered that the suspension of Robert Madray from membership in the State Bar of Georgia and the suspension of his license to practice

law in the State of Georgia for two years commencing August 1, 1988, be approved for violations of Standards 4, 23, 44, 45 and 68 of the Rules of the State Bar of Georgia. It is further ordered that Madray be required to fulfill all requirements for reinstatement including taking and passing the Georgia Bar examination prior to his readmission to the Bar, and that he notify his clients of his suspension and take all actions necessary to protect their interests, as required by Bar Rule 4-219.

*Suspended for two years. All the Justices concur.*

DECIDED JULY 13, 1988.

*William P. Smith III, General Counsel State Bar, Viola S. Drew, Assistant General Counsel State Bar,* for State Bar of Georgia.